UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 16-3909 DSF (JEMx) | Date | 7/29/16 |
| Title | Adolfo Garcia v. Schaefer Ambulance Service, Inc. | | |

Present: The Honorable        DALE S. FISCHER, United States District Judge

| Charles A. Rojas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order REMANDING Case to State Court

   Plaintiff Adolfo Garcia sued Defendant Schaefer Ambulance Service, Inc. for disability discrimination in state court, alleging only state law claims. Defendant removed the case alleging that the state law claims were pre-empted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) (Section 301).
   As a general rule, a case "arises under" federal law "only if a federal question appears on the face of plaintiff's well-pleaded complaint." Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987). But a few federal statutes have "such extraordinary pre-emptive power that they convert an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 947 (9th Cir. 2014) (internal punctuation omitted). Section 301 is such a statute. Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).
   The pre-emptive force of Section 301 "is so powerful as to displace entirely" state contract claims and other types of claims dependent on analysis of a collective bargaining agreement (CBA). Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210-11 (1985) (holding pre-emption may apply whether suit is based on contract or tort claims). But not every state case asserting a right related to a CBA is pre-empted. Id. at 220. Section 301 only "governs claims founded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

directly on rights created by collective-bargaining agreements" and claims "substantially dependent on analysis of a collective-bargaining agreement.'" Caterpillar, 482 U.S. at 394.

None of Plaintiff's claims are founded directly on rights created by the CBA. He alleges disability discrimination, retaliation, failure to prevent discrimination, failure to reasonably accommodate, and failure to engage in the good faith interactive process under Cal. Gov. Code § 12940, et seq. He also alleges wrongful termination in violation of public policy and seeks declaratory judgment.

Defendant argues that the claims cannot be adjudicated without interpreting CBA provisions addressing disabilities and physical exams. It points primarily to Article 32, which says Defendant "may require a physical examination before employees can return to work," and Article 18, which says that "[e]xcept for a proven medical disability that prohibits driving an ambulance, all employees must be qualified to act as both driver and attendant." See McNeal Decl., Ex. A (Dkt. 8-2) at 16, 20. Defendant's argument suggests that the CBA may form the basis of its defense, see OSC Opp. (Dkt. 25) at 8:8-19, but a defensive argument is insufficient for Section 301 pre-emption. Caterpillar, 482 U.S. at 398-99. In any event, there is no indication that the Court will be called on to interpret the CBA. See Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000) (explaining pre-emption applies when a court must "interpret" the CBA, not just when it must "consider," "refer to," or "apply" the CBA). The bare assertion that the Court will have to interpret the CBA is not enough. Id. at 1109.

The case is REMANDED.

Plaintiff's request for fees, which appears only in the title of his memorandum, is denied.

IT IS SO ORDERED.